**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LAMAR L. MIDDLETON, | ) | CASE NO.1:13CR0345 |
| | ) | 1:16CV1604 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | OPINION AND ORDER |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (ECF #1688). The Government filed a Response in Opposition to Petitioner's Motion (ECF#1700). Petitioner filed a Response to Government's Response (ECF#1708). For the following reasons, the Court denies Petitioner's Petition.

## FACTS

On September 11, 2011, a Superseding Indictment charged Petitioner with various crimes, including Conspiracy to Possess With Intent to Distribute Heroin and the

1

Distribution of Cocaine. Pursuant to a Plea Agreement, Petitioner pled guilty to Conspiracy to Possess With Intent to Distribute Heroin and the Distribution of Cocaine on February 19, 2015. A Presentence Investigation Report ("PSR") was prepared and found Petitioner to be a Career Offender under Sentencing Guideline § 4B1.1, based on his two prior convictions for Drug Trafficking, which increased the Base Offense Level from a Level 16 to 32. Petitioner was credited with a three-level reduction for acceptance of responsibility, making his total Offense Level 29. At Criminal History Category VI, his Guideline range was 151-188 months. On May 20, 2015, Petitioner was sentenced to 151 months' imprisonment; three years Supervised Release and a $200.00 special assessment.

Petitioner filed a Notice of Appeal. The Court of Appeals for the Sixth Circuit dismissed Petitioner's Appeal on June 5, 2015, based on the appellate waiver found in his Plea Agreement. On June 24, 2016, Petitioner filed the instant Motion to Vacate, Set Aside or Correct Sentence. In his Motion, Petitioner contends that he was improperly categorized as a Career Offender based on offenses that are no longer violent felonies under *Johnson v. United States*, 135 S. Ct. 2551 (2015).

## **STANDARD OF REVIEW**

Section 2255 of Title 28, United States Code, provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to prevail upon a §2255 motion, the movant must allege as a basis for relief: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Mallett v. United States,* 334 F.3d 496-497 (6th Cir. 2003), quoting *Weinberger v. United States,* 268 F.3d 346, 351 (6th Cir.2001).

## ANALYSIS

In its Response in Opposition, Respondent asserts that Petitioner is a Career Offender due to drug offenses, not the violent offenses that were the subject of *Johnson.* In his Motion and Response, Petitioner argues that his prior felony convictions used to classify him as a "career offender" under § 4B1.1 were improperly categorized as crimes of violence, making his sentence a violation of his right to due process. Petitioner is mistaken. To be categorized a "career offender" a defendant must have at least two prior felony convictions of a crime of violence or a controlled substance offense. The opinion in *Johnson* had nothing to do with the "controlled substance offense" prong of § 4B1.2, the prong under which Petitioner was determined to be a Career Offender.

Petitioner contends that because he never actually served a prison sentence for the Drug Trafficking conviction it cannot count as a prior felony conviction for the purpose of designating him as a Career Offender. Again, Petitioner is mistaken. As the application notes of § 4B1.2 make clear, a "prior felony conviction" means "a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year...regardless of the actual sentence imposed." U.S.S.G. §

3

4B1.2.

Petitioner voluntarily waived his collateral attack rights in a binding Plea Agreement. Petitioner has not challenged the waiver of his rights in his Plea Agreement and has never appealed his Criminal History category.

Petitioner mistakenly contends that his two prior drug trafficking convictions were for the same conduct, and therefore, should have been considered part of the same course of action towards the "instant offense" of drug trafficking. Petitioner is incorrect in his attempt to apply a rule of admissibility, which applies during the evidentiary phase of a case with a sentencing procedure, during which the rules of evidence need not be followed. A sentencing court is required to consider a defendant's prior convictions.

Petitioner has failed to provide the Court with any basis for relief under Section 2255. Therefore, for the foregoing reasons Petitioner's Motion to Vacate is denied.

Furthermore, the Court declines to issue a certificate of appealability.

28 U.S.C. §2253(c) states:

**(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

**(A)** the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

**(B)** the final order in a proceeding under section 2255.

**(2)** A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

**(3)** The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In *Slack v. McDaniel*, 529 U.S. 473, 483-4 (2000) the Supreme Court held,

  To obtain a COA under  2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot,* includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.' " (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n. 4 (1983) superceded by statute.

  Since the Court has determined  Petitioner's claims in his Motion to Vacate  are meritless, Petitioner has failed to make a substantial showing that he was denied any constitutional right.  Therefore, the Court will not issue a certificate of appealability.

  IT IS SO ORDERED.

| | |
|---|---|
| <u>September 7, 2016</u> | s/Christopher A. Boyko |
| Date | CHRISTOPHER A. BOYKO |
| | United States District Judge |

5